SOLÁ, DEMANDANTE Y APELADA, *v.* SOLÁ, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre declaración de incapacidad.

No. 2764.—Resuelto en junio 8, 1922.

APELACIÓN—INCAPACIDAD—RESOLUCIÓN INAPELABLE.—Contra una resolución poniendo término a un expediente de incapacidad, no cabe recurso de apelación.  Contra ella la ley otorga a los interesados el derecho de deducir demanda ordinaria, existiendo en tal caso el recurso de apelación contra la sentencia que ponga término al litigio.

Los hechos están expresados en la opinión.
Abogados del apelante: *Sres. F. González* y *J. Vendrell.*
Abogado de la apelada: *Sr. L. Muñoz Morales.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

La parte apelada solicita la desestimación del recurso, basándose en que la resolución de que se trata es inapelable.

Examinemos los hechos.   María Solá y Grillo solicitó de la Corte de Distrito de Humacao la declaración de incapacidad de su abuelo Celestino Solá Rodríguez, de ochenta y cinco años de edad.   El supuesto incapaz estuvo representado por el fiscal y, además, por medio de su abogado.   Se practicó prueba, oyendo la corte el dictamen de cuatro facul-

tativos.  Finalmente se declaró la incapacidad solicitada, a causa de demencia.

El procedimiento seguido se ajustó, según la relación del caso y opinión de la corte de distrito, a las siguientes disposiciones del Código Civil Revisado:

"Artículo 250.—No se puede nombrar tutor a los locos, dementes y sordomudos mayores de edad, sin que preceda la declaración hecha por la corte de distrito de su domicilio, de que son incapaces para administrar sus bienes.

"Artículo 251.—Pueden solicitar esta declaración el cónyuge y los parientes del presunto incapaz que tengan derecho a sucederle, abintestato.

"Artículo 252.—El fiscal deberá pedirla.

" '1. Cuando se trate de dementes furiosos.

" '2. Cuando no exista ninguna de las personas mencionadas en el artículo precedente o cuando no hicieren uso de la facultad que les concede.

" '3. Cuando el cónyuge y los herederos del presunto incapaz sean menores o carezcan de la personalidad necesaria para comparecer en juicio.

" 'En todos estos casos, la corte de distrito correspondiente nombrará defensor al presunto incapaz que no quiera o no pueda defenderse.  En los demás, será defensor el fiscal.'

"Artículo 253.—Antes de declarar la incapacidad, la corte de distrito oirá el dictamen de facultativos y las demás pruebas que considere necesarias.

"Artículo 254.—La declaración de incapacidad deberá hacerse sumariamente y mediante comparecencia verbal ante la corte de distrito.  La que se refiere a sordomudos fijará la extensión y límites de la tutela según el grado de incapacidad de aquéllos.

"Artículo 255.—Contra los autos que pongan término al expediente de incapacidad podrán los interesados deducir demanda ordinaria por el procedimiento del juicio oral y público."

¿Excluye lo dispuesto en el último de los artículos transcritos, el recurso de apelación?  ¿Se trata de una sentencia definitiva?

El recurso de apelación es de naturaleza estatutoria y

al fijar el código los casos en que procede, los clasifica en tres grupos. Véase el artículo 295 del Código de Enjuiciamiento Civil. El primer grupo se refiere a sentencias definitivas en pleitos o procedimientos comenzados en las propias cortes de distrito; el segundo, a sentencias dictadas por dichas cortes en grado de apelación, y el tercero, a ciertas resoluciones que expresamente se designan.

No cabe comprender el auto de que se trata en el segundo, ni en el tercer grupo. ¿Cabe comprenderlo en el primero? La ley habla en él de sentencias definitivas y aquí el mismo legislador calificó la resolución de auto. Y si bien expresa que el auto ''pone término al expediente de incapacidad,'' inmediatamente dice que ''los interesados podrán deducir demanda ordinaria por el procedimiento del juicio oral y público.'' Esto es, que a menos que el auto se consienta, el procedimiento *continúa en la misma corte de distrito* con las garantías de un juicio más amplio. Siendo ello así, no es posible reconocer al auto el carácter de sentencia definitiva a que se refiere el primer grupo.

Interpretado, pues, el artículo 295 en su corriente significado, es necesario concluir que no autoriza el recurso de apelación que se ha interpuesto, pero el apelante alega que debe darse una interpretación liberal a dicho artículo y reconocerse el derecho de apelar en este caso de acuerdo con la opinión de los tratadistas Manresa y Scaevola y con la jurisprudencia de este mismo Tribunal Supremo.

Eliminando la referencia que se hace al consejo de familia y a que en vez de decirse ''juicio oral y público'' se dice ''juicio ordinario,'' el artículo 219 del Antiguo Código Civil, es igual al 255 del Revisado. Y refiriéndose al dicho artículo 219, los comentaristas españoles citados, se expresan así:

''El artículo 287 del proyecto de 1851 permitía la apelación de la sentencia de incapacidad. ¿Procederá este recurso contra el auto de primera instancia que ponga término al expediente? Entendemos que sí, pues aunque dice el presente artículo que contra ese auto

podrán los interesados deducir demanda en juicio ordinario, no prohibe la apelación, y debe seguirse la regla general, procediendo el juicio ordinario luego que sea firme dicho auto.	Como ese expediente tiene el carácter de acto de jurisdicción voluntaria, habrán de aplicarse a este caso los artículos 1819 y 1820 de la Ley de Enjuiciamiento Civil, mientras no se haga en ella la reforma necesaria para ponerla en armonía con el código.''	2 Manresa.	Código Civil Español, 212.

''Recurso contra la declaración de incapacidad.—Llamámosle recurso porque en puridad no hay otra palabra que signifique con más claridad la idea.	Dice el artículo 219 del Código Civil que contra los autos que pongan término al expediente de incapacidad podrán los interesados deducir demanda en juicio ordinario.· ¿Excluye esta facultad que el código concede al incapacitado el derecho de ejer·citar los recursos ordinarios que concede la Ley de Enjuiciamiento Civil, tales como, v. gr., el de apelación del auto recaído?	Según nuestro criterio, no.	El código, al conceder el derecho de promover el juicio ordinario, desprovee de la autoridad de lo juzgado al auto que declare la incapacidad.	No es que le reconozca un carácter interino, no; ¿dicha resolución causa estado en tanto se consienta, es decir, mientras no se deduzca la demanda de juicio ordinario.	Ahora bien: creemos que el recurso de casación es improcedente para el caso, puesto que pudiéndose alterar el auto del juzgado por la sentencia que recaiga en el pleito que se ventile, carece la primera de las resoluciones enunciadas del carácter definitivo que requiere el artículo 1689 de la Ley de Enjuiciamiento Civil.''	4 Scaevola.	Código Civil, 231.

Pero la apelación que tenían en mente Scaevola y Manresa era la en un sólo efecto que autorizaba la Ley de Enjuiciamiento Civil antigua, o sea aquella que no paralizaba la ejecución de la resolución apelada.·Y si ahora se admitiera el recurso de apelación que se ha interpuesto, paralizada quedaría inmediatamente la ejecución del auto, por no estar comprendido este caso en las excepciones que a la regla general formulada en el artículo 297 del Código de Enjuiciamiento Civil vigente establece el 298 del propio cuerpo legal.

Para que se vea cuál era el concepto que Manresa tenía de una resolución verdaderamente definitiva, citaremos su

opinión al comentar el artículo 1690 de la Ley de Enjuicia-
miento Civil antigua.   Es así:

"Nótese bien que para que tenga el concepto de definitiva la sen-
tencia recaída en un incidente o artículo, a los efectos de la casa-
ción, ha de poner término, no al incidente, sino al pleito principal
en que aquél se hubiere promovido, haciendo imposible la continua-
ción de éste.   Por los efectos que en cada caso produzca la sentencia
del incidente, se apreciará si concurre o no dicha circunstancia.   Así,
por ejemplo, si se declara no haber lugar a la admisión de una de-
manda por carecer el demandante de personalidad o derecho para
promover el juicio contra este fallo de segunda instancia procederá
el recurso de casación, porque le cierra la puerta al pleito; pero
si ese fallo se funda en que la demanda carece de los requisitos le-
gales para su admisión, de suerte que, subsanadas las faltas, pueda
promoverse de nuevo el juicio, entonces no tiene cabida dicho re-
curso.   Lo mismo en las sentencias de los incidentes de pobreza,
según lo hemos expuesto ya en el comentario al artículo 30 (pág.
112 del tomo 1º.), y en otros casos, como puede verse consultando
la multitud de sentencias que sobre este punto ha dictado el Tri-
bunal Supremo, el cual ha declarado también que es admisible el
recurso de casación contra las ejecutorias sobre cuestiones que, aun-
que incidentes de otras, una vez falladas, no pueden volverse a agi-
tar si el incidente hubiere versado sobre alguna de las faltas de-
terminadas en el artículo 1693, contra la sentencia firme que se dicte
en el pleito principal procederá el recurso de casación por quebran-
tamiento de forma.   Y téngase también presente, que cuando el in-
cidente se promueva en la segunda instancia, si no se utiliza opor-
tunamente el recurso ordinario de súplica, no cabe el extraordinario
de casación, según la jurisprudencia constante del mismo Tribunal
Supremo."   6 Manresa.  Ley de Enjuiciamiento Civil, 196.

La jurisprudencia de esta Corte Suprema invocada, o sea
la establecida en los casos de *Alsina y Morales* v. *Matos,* 15
D. P. R. 186; *American Railroad Company of Porto Rico* v.
*La Corte Municipal,* 16 D. P. R. 242; *Pérez* v. *Sucesión Co-
llado,* 19 D. P. R. 423; *García* v. *Humacao Fruit Company,*
23 D. P. R. 249; *Sucesores de Abarca & Co.* v. *Central Van-
nina,* 23 D. P. R. 567–570; *Labarthe* v. *Neuman,* 23 D. P.
R. 690–693, no favorece al apelante.

En el caso de *Alsina, supra,* la corte, por medio del Juez Figueras, dijo: "Es indudable que la resolución de la Corte de Distrito * * * es apelable para ante esta Corte Suprema porque ella por su naturaleza tiene el carácter de definitiva toda vez que, rechazada de plano la apelación que ante la Corte Municipal de Ponce se había interpuesto, pone término al pleito promovido. Cae, pues, de lleno dentro del número 1, del artículo 295 del Código de Enjuiciamiento Civil * * *." 15 D. P. R. 186.

En el de la *American Railroad Company, supra,* la corte, por medio del Juez del Toro, decidió que: "El auto de *certiorari* es un procedimiento especial y, cuando se origina y decide en una corte de distrito, es bien claro que de la resolución o sentencia final de dicha corte de distrito, cabe apelación para ante esta Corte Suprema." 16 D. P. R. 242.

En el de *Pérez, supra,* la corte estableció, por medio del Juez Presidente Hernández, que el concepto genérico "resolución," comprende el específico de "sentencia" y que el No. 2 del artículo 295 del Código de Enjuiciamiento Civil, no fué derogado por la ley de 11 de marzo de 1908 relativa a las apelaciones procedentes de cortes municipales. 19 D. P. R. 422.

En el de *García, supra,* la corte por medio del Juez Hutchison expuso la doctrina de que "los estatutos que autorizan y regulan el derecho de apelación son reconocidos como reparadores por su naturaleza y deben ser interpretados liberalmente en beneficio del derecho de apelación," pero el caso concreto decidido fué que "la resolución dictada por una corte municipal declarando sin lugar una moción para que se deje sin efecto una orden de ejecución y venta en pública subasta es apelable para ante la corte de distrito respectiva por ser una sentencia final claramente comprendida dentro de la letra y espíritu de la ley para reglamentar las apelaciones contra sentencias de las cortes municipales en pleitos civiles, aprobada en marzo 11, 1908." Dos jueces

en dicho caso disintieron de la jurisprudencia establecida. 23 D. P. R. 249.

En el caso de *Abarca, supra,* la corte por medio del Juez Presidente Hernández, dijo: "La resolución * * * está comprendida en la definición que de la sentencia da el artículo 188, pues por aquélla decidió la corte los derechos de Rafael García Soriano y de la Central Vannina en el procedimiento especial que una y otra parte aceptaron para dirimir sus diferencias sobre el valor de las plantaciones de cañas * * *. Dicha resolución es por tanto apelable con arreglo al número 1, del artículo 295."

Y, por último, en el caso de *Labarthe, supra,* la corte, por medio del Juez Wolf, dijo: "Teníamos alguna duda en cuanto al derecho de las partes para hacer que sea revisada en apelación la resolución de la corte de distrito. En la Ley de Procedimientos Legales Especiales no existe ningún precepto legal que de modo directo autorice la apelación en un caso de esta clase. Los apelantes alegan en este caso que ésta no era una cuestión directamente comprendida en la Ley de Procedimientos Legales Especiales como se determina en las leyes de la sesión de 1905, sino un procedimiento especial ante la Corte de Distrito de Ponce para resolver los derechos de las partes. En otras palabras, las partes, como hemos visto, tenían derecho a un remedio de acuerdo con el artículo 1026 del Código Civil, el cual hace referencia a la Ley de Procedimientos Legales Especiales meramente como auxiliar. El procedimiento según el artículo 1026 es por sí un procedimiento especial. La resolución en este caso era en forma definitiva y dejó resuelto un derecho terminante y, por tanto, creemos que era apelable de conformidad con el artículo 295 del Código de Enjuiciamiento Civil." 23 D. P. R. 692.

Es cierto que dada la transcendencia de una declaratoria de incapacidad, parece que debería reconocerse sin demora el derecho de acudir a la Corte Suprema por la vía ordinaria

de apelación, pero es cierto también que el legislador no perdió de vista esa trascendencia y en la misma ley no obstante prescribir que para dictar la resolución el juez debería oir "el dictamen de facultativos y las demás pruebas que estimare necesarias," dispuso que la resolución no sería definitiva si los interesados deducían demanda ordinaria, debiendo, ventilarse entonces el asunto en el juicio oral y público correspondiente y existiendo en tal caso contra la sentencia que ponga término al pleito claramente reconocido en la ley el derecho de apelación.

La presunción es que los jueces de distrito actuarán en justicia. Además los recursos extraordinarios con que cuenta nuestro actual sistema procesal, siempre permitirían corregir cualquier injusticia notoria o verdadera desviación que pudiera cometerse. Por último, no debe perderse de vista que en muchos casos de la naturaleza del presente se requiere una pronta y efectiva resolución del problema para beneficio de todas las partes interesadas y de la misma sociedad.

Debe desestimarse la apelación establecida.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey, Hutchison y Franco Soto.