RAMÓN HERNÁNDEZ GARCÍA, peticionario y apelante, *v.* MARÍA HERNÁNDEZ CARRIÓN, opositora y apelada.

No. 6067.—*Sometido:* Junio 20, 1932. *Resuelto:* Julio 5, 1932.

*Luis Vizcarrondo,* abogado del apelante; *Molina, Dubón & Ochoteco,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Ramón Hernández García presentó ante la Corte de Distrito de San Juan una petición para que se declarase a Gaspar Hernández Carrión incapacitado para administrar su persona y bienes, y para que se le nombrase tutor del mismo en caso de que fuese resuelta favorablemente la solicitud de

incapacidad. La corte inferior declaró al referido Gaspar Hernández Carrión incapacitado para administrar su persona y bienes, y nombró como tutora a su hermana legítima María Hernández Carrión. Ramón Hernández García, quien alega ser hijo del incapacitado, interpuso recurso de apelación contra el nombramiento de tutor. Esta corte ha declarado, en el caso de *Solá* v. *Solá,* 30 D.P.R. 758, que no cabe recurso de apelación contra una resolución poniendo término a un expediente de incapacidad. De la opinión emitida por el Juez del Toro en este caso copiamos lo siguiente:

"Es cierto que dada la transcendencia de una declaratoria de incapacidad, parece que debería reconocerse sin demora el derecho de acudir a la Corte Suprema por la vía ordinaria de apelación, pero es cierto también que el legislador no perdió de vista esa trascendencia y en la misma ley no obstante prescribir que para dictar la resolución el juez debería oír 'el dictamen de facultativos y las demás pruebas que estimare necesarias,' dispuso que la resolución no sería definitiva si los interesados deducían demanda ordinaria, debiendo ventilarse entonces el asunto en el juicio oral y público correspondiente y existiendo en tal caso contra la sentencia que ponga término al pleito claramente reconocido en la ley el derecho de apelación.

"La presunción es que los jueces de distrito actuarán en justicia. Además los recursos extraordinarios con que cuenta nuestro actual sistema procesal, siempre permitirían corregir cualquier injusticia notoria o verdadera desviación que pudiera cometerse. Por último, no debe perderse de vista que en muchos casos de la naturaleza del presente se requiere una pronta y efectiva resolución del problema para beneficio de todas las partes interesadas y de la misma sociedad."

El nombramiento de tutor es una consecuencia de la incapacidad, la cual tiene que ser declarada como un paso preliminar para la designación de una persona que represente legalmente al incapaz. El verdadero objetivo que se persigue es el nombramiento de un tutor. Una vez que la corte ha llegado a la conclusión de que la persona que se supone incapaz está realmente incapacitada para cuidar de sí misma y administrar sus bienes, debe proceder al nombramiento de un tutor. En este caso la solicitud pedía ambas

cosas y ambas fueron concedidas por la corte inferior en una misma sentencia.

Como ya hemos dicho, la declaración de incapacidad no es apelable. No lo es tampoco el nombramiento de un tutor que es el objetivo que se persigue en la tramitación de un expediente de incapacidad, en ausencia de un estatuto que conceda el derecho de apelación.

*Debe desestimarse la resolución apelada.*